The plaintiff's writ was executed on the defendant 2 January, 1815, returnable to Chowan County Court on the second Monday of March ensuing. The defendant sold all the property of his testator on 17 January, 1815, at six months credit. At March term, to wit, on 17 March, 1815, the defendant entered the foregoing pleas. The defendant, on the trial, introduced satisfactory evidence under the plea of "retainer," and for the payment of the funeral charges and his own commissions, with the disbursement of all the assets with which he was charged, except the sum of $704.60; and as to that sum he offered the following evidence: First, as to $100 of it, that among his testator's negroes was one by the name of Sarah, so old and infirm as to be incapable of labor; and that he had set her up to be provided for during the remainder of her life, to the lowest bidder; that the sum of $100 was the lowest bid; and that accordingly he had paid that sum for this purpose. And as to $604.60, he offered in evidence a number of judgments on warrants brought on specialties before a justice, (378) which were taken between 21 January and 17 March, 1815, and were paid by him previous to the issues being joined in the suit, and which judgments were of the following tenor, to wit: "Judgment in favor of the plaintiff for the sum of ______. Thomas Brownrigg, the executor present, pleads `plene administravit in all its forms, no assets, judgments, bonds, notes, retainer, and no assets ultra, suits on bonds and notes.' The pleas are admitted, and signed by the justice." *Page 290 
In some of these warrants the magistrate had given judgment for £ 30, the amount of the specialty, together with interest according to specialty previously accrued thereon; and the whole judgment thus exceeding £ 30. The amount of the excess of interest, which upon the warrants, collectively, is $28.40, has been paid by the executor. It is submitted to the court to determine, if the preceding questions are decided in favor of the defendant, whether these judgments should be allowed the defendant as proper vouchers for the whole amount, or for any part. And it is agreed, upon this statement of the case, to be submitted to the court to decide whether the defendant was justified in paying the above-mentioned sum of money for such purposes, in preference to the plaintiff's demand. And judgment is to be entered up, according to the opinion of the court, for such sum as they shall direct.
The principal question in this case depends upon whether the judgments obtained after the service of the writ and before plea be of such a nature as hold the executor responsible for the assets he had when served with the writ; and if these judgments had been that the plaintiff then have
execution, and not quando, it seems admitted they would, provided they are not void in law. As to the nature of the judgments, according to thecircumstances of this case, we think that can make no difference; because it was true, when they were rendered, that the effects previously sold on the six months credit were not assets, the act of Assembly having only made the executor accountable for them in a reasonable time after the proceeds were due. Wherever, therefore, they should come, or might be obtained, they then would be assets, and the executor accountable to the judgment creditors for them. If, therefore, he was accountable to them, it is clear he ought not to be accountable to the plaintiff; for it has been properly admitted that the priority of suit only ties the hands of the executor against a voluntary payment.
Then, as to the exception which has been taken to the judgments because they exceed £ 30. And we think, as the warrants did not (381) exceed £ 30, that the justice, therefore, had jurisdiction, and his judgment, therefore, was not void, but only voidable.
The only remaining question is as to the $100 paid for the support of the disabled slave, and that, we think, must depend upon the nature of the transaction: if with a fraudulent design, upon being so found, it would be unavailing; but if fair and honest, that it is good; for we *Page 291 
consider this as a kind of charge upon the estate in favor of thecommunity, which in case of a deficiency of assets is entitled to a preference against the claims of individuals.
Wherefore, we are all of opinion that there should be judgment for the defendant.
NOTE. — Upon the first point, see Gregory v. Hooker, 6 N.C. 250;S. c., upon another trial, ante, 215.